IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

QUIANNA S. CANADA,
        Plaintiff,

-vs-                                             Case No. A-17-CA-148-SS

TEXAS MUTUAL INSURANCE COMPANY;
STACY PARASTAR GONZALEZ, in her official
capacity; and MARSHA THIBODAUX, in her
official capacity,
        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Quianna S. Canada (Plaintiff)'s Second Motion to Compel Production [#20], Defendant Texas Mutual Insurance Company (TMIC)'s Response [#28] in opposition, and Plaintiff's Amended Reply [#36] in support as well as Plaintiff's Motion to Withdraw Motion to Compel Ryan Johnson's Resume [#27] and Plaintiff's Motion to Quash Defendants' Subpoena [#37].

In the last two weeks, Plaintiff has filed a series of discovery motions. Plaintiff's second motion to compel asks the Court to compel Defendants to produce specific information. Second Mot. Compel [#20]. However, Plaintiff filed this motion less than twenty-four hours after Defendants' document production deadline, without first communicating with Defendants' counsel. *Id.; see also* Resp. [#28]. Subsequently, Plaintiff filed a motion to withdraw part of her request to compel as Defendants supplied her with some of the requested information. Mot. Withdraw [#27]. Additionally, Plaintiff filed a motion to quash Defendants' subpoena on Evins Personnel

Consultants, Inc. (Evins), which requests Plaintiff's employment records and notices Defendants' intent to take a deposition by written questions. Mot. Quash [#37].

Twice in the short life of this case the Court has entered orders directing the parties to cooperate with one another. See Order of Mar. 24, 2017 [#14]; Order of Apr. 4, 2017 [#18]. Nevertheless, the parties still struggle to communicate and are occupying this Court's valuable time with filings that quickly become moot, or at least partially moot, following the parties post-hoc communication. The Court instructs the parties, especially Plaintiff, to comply with the Local Rules of the United States District Court of the Western District of Texas, particularly Rule CV-7(i), which states:

> (i) Conference Required. The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.[1]

While discovery mechanisms help the parties "develop fully and crystalize concise factual issues for trial," the mechanisms are also intended to "conserve precious judicial energies." See Burns v. Thiokol Chem. Corp., 483 F.2d 300, 304 (5th Cir. 1973). Filing a discovery motion with this Court should not be the parties' first course of action when facing a potential discovery dispute. At present, the undersigned sees no issue requiring the Court's intervention and instead directs the parties to confer in person.

---

[1] A full version of the local rules is available online at http://www.txwd.uscourts.gov/CourtInfo/SitePages/LocalRules.aspx.

Accordingly,

IT IS THEREFORE ORDERED that all pending motions, specifically Plaintiff's Second Motion to Compel Production [#20], Plaintiff's Motion to Withdraw Motion to Compel [#27], and Plaintiff's Motion to Quash [#37], are DISMISSED; and

IT IS FINALLY ORDERED that Plaintiff and Defendants' counsel consult in person to discuss any outstanding discovery issues within FOURTEEN (14) DAYS of the entry of this order.

SIGNED this the 3rd day of May 2017.

_/s/ Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE