IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

QUIANNA S. CANADA
          Plaintiff,

-vs-                                              Case No. A-17-CV-148-SS

TEXAS MUTUAL INSURANCE COMPANY,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff's Motion to Withdraw Lawsuit Voluntarily [#117], Defendant Texas Mutual Insurance Company (TMIC)'s Response [#118] thereto, and Plaintiff's Motion to Supplement [#119] in support; Plaintiff's Motion to Continue with Lawsuit [#122]; TMIC's Motion for Summary Judgment [#126], Plaintiff's Response [#129] in opposition, and TMIC's Reply [#138] in support; Plaintiff's Motion to Strike [#139]; Plaintiff's Opposed Motion for Sanctions [#147]; the United States Magistrate Judge's Report and Recommendation [#148]; and Plaintiff's Objections and Motion for Continuance [#154].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the

---

[1] Earlier, when several individual defendants were parties, Defendants filed a motion for sanctions asking the Court to dismiss this lawsuit. *See* Defs.' Mot. Sanctions [#99]. The Court took Defendants' motion for sanctions under advisement indicating it would "review the parties' conduct and make a final determination whether to order sanctions" at the end of the case. Order of Oct. 3, 2017 [#116].

Assignment of Duties to United States Magistrate Judges. Plaintiff is entitled to *de novo* review of the portions of Magistrate Judge Lane's report to which she filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). A party's failure to timely file written objection to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In this case, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, In light of Plaintiff's objections, the Court reviews the entire case *de novo*.

## Background

### I. Factual Context

This case predominately concerns allegations of racial discrimination and retaliation. Plaintiff, a black woman, is a former temporary employee who was assigned to perform work at TMIC by Evins Personnel Consultants (Evins). Among other services, Evins assists organizations with temporary staffing. Plaintiff was assigned to work for TMIC as a policy support clerk for twenty-eight days, June 28, 2016 to August 8, 2016. Mot. Summ. J. [#126-2] Ex. A (Canada Dep.) at 119:4–23. The policy support clerk position required Plaintiff to report to work at 8:00 a.m. and finish at 5:00 p.m. *Id.* To enter TMIC's building, Plaintiff needed to swipe her electronic badge. *Id.* at 143:17–20. During the temporary assignment, Marsha Thibodaux, the policy support supervisor, supervised Plaintiff. *See* Seventh Am. Compl. [#42] ¶¶ 18–21, 33, 45. Kirsten Kirpatrick, a senior

administrative assistant in Human Resources (HR), was responsible for communicating with Evins regarding temporary staffing assignments. Resp. Mot. Summ. J. [#129] ¶9.

While providing temporary services to TMIC, Plaintiff applied for three permanent positions at TMIC but was not hired. Resp. Mot. Summ. J. [#129] ¶ 6. On July 21, 2016, Plaintiff learned one of the positions for which she applied had been filled. Seventh Am. Compl. [#42] ¶¶ 31–33. That same day, Plaintiff filed a complaint against TMIC with the City of Austin's Equal Employment and Fair Housing Office. *Id.* ¶ 35.

One of the permanent positions for which Plaintiff applied was the policy support clerk position, the position she had been temporarily filling. Resp. Mot. Summ. J. [#129] ¶ 6 n.4. The policy support clerk position was filled by Ryan Johnson, a white male. *Id.* ¶ 7. Plaintiff met Mr. Johnson when he reported for work on August 8, 2016. *Id.* ¶ 7.

During her lunch break on August 8th, Plaintiff asked to speak to a Human Resources (HR) employee. *Id.* ¶ 50. Edward Coates, a HR staff member, invited Plaintiff into the HR conference room and listened to Plaintiff's concerns. *Id.* Plaintiff informed Mr. Coates she had been rejected from three positions at TMIC and asked to speak to the individual who reviewed her three applications. *Id.* Mr. Coates expressed anger and irritation with Plaintiff and refused to set up a meeting between Plaintiff and the person who had reviewed Plaintiff's applications. *Id.* ¶ 51.

That same day, sometime before 3:44 p.m., Ms. Thibodaux contacted Ms. Kirpatrick and requested Plaintiff's assignment to TMIC through Evins be ended because the policy support clerk position had been filled. Mot. Summ. J. [#126-5] Ex. D (Kirpatrick Decl.) ¶ 7. Ms. Kirpatrick then called a point of contact at Evins to end Plaintiff's assignment. *Id.* ¶ 8. At 3:44 p.m., Ms. Kirpatrick

sent an email to Evins confirming TMIC filled the policy support clerk position and requesting Plaintiff's assignment with TMIC be ended at the close of business on August 8th. *Id.* ¶ 8.

Shortly before 4:00 p.m., Plaintiff received an email from a person at the Equal Employment and Fair Housing Office asking Plaintiff to contact him to discuss her July 21st complaint. Seventh Am. Compl. [#42] ¶ 54. At 3:59 p.m., Plaintiff stepped out of TMIC's building to call the Equal Employment and Fair Housing Office staff member. *Id.* ¶ 55. Plaintiff returned inside the TMIC building at 4:24 p.m. Mot. Summ. J. [#126-3] Ex. B (Badge Reports) at 27; Kirpatrick Decl. ¶ 12. After she returned from the call, Plaintiff alleges she told Ms. Thibodaux she was concerned she was being discriminated against in the hiring process and she had made a complaint to the Equal Employment and Fair Housing Office. Seventh Am. Compl. [#42] ¶ 55.

## II. Procedural History

Proceeding *pro se*, Plaintiff filed this suit on January 24, 2017, in Texas state court, and TMIC subsequently removed the case to this Court. Removal Notice [#1]. While Plaintiff initially sued TMIC and a series of individual defendants—including Ms. Kirpartrick, Ms. Thibodaux, and Mr. Johnson—the Court previously dismissed Plaintiff's claims against the individual defendants for failure to state a claim. Order of Oct. 4, 2017 [#116]. The Court expressly noted TMIC was the only remaining defendant. *Id.*

In her seventh amended complaint, Plaintiff alleges TMIC is liable for race discrimination, in the form of failure to hire, and retaliation under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (TCHRA). Seventh Am. Compl. [#42] at 18–28. Plaintiff also brings claims against TMIC for negligent hiring and training as well as tortious interference with

a business relationship. *Id.* at 28–34. Plaintiff further contends she brings some of her claims under 42 U.S.C. § 1981 for civil conspiracy. *Id.* at 35.

When Plaintiff requested leave to amend her complaint for an eighth time, this Court denied Plaintiff's request, finding Plaintiff had already amended her complaint seven times during the four-month span of the lawsuit and Plaintiff merely sought to eliminate her federal claims and circumvent the Court's jurisdiction. Order of June 12, 2017 [#69].

In October 2017, Plaintiff filed a motion to withdraw this lawsuit and approximately a week later filed a motion to continue with this lawsuit against TMIC. Mot. Withdraw [#117]; Mot. Continue [#122]. This Court then referred the case to Magistrate Judge Lane. Order of Oct. 18, 2017 #125].

TMIC subsequently moved for summary judgment arguing it is entitled to judgment as a matter of law because Plaintiff fails to establish a genuine issue of material fact on any of her claims. *See* Mot. Summ. J. [#126]. Specifically, TMIC argues (1) Plaintiff cannot establish a *prima facie* failure-to-hire claim because she cannot show she was qualified for the positions to which she applied; (2) Plaintiff's retaliation claims fail because Plaintiff provides no evidence a causal link existed between a protected activity and an adverse employment action; and (3) Plaintiff's common law claims fail because TCHRA is the exclusive remedy for workplace discrimination under Texas law. *Id.*

Following Plaintiff's response to the motion for summary judgment, Magistrate Judge Lane set a hearing to review all the pending motions. Order of Nov. 6, 2017 [#134]. Plaintiff then moved for permission to appear at the hearing via telephone or video conference as she was interning out of the United States and unable to appear in person. Mot. Appear Telephonically [#135]. In response,

Magistrate Judge Lane ordered Plaintiff to provide documentation of her out-of-country internship and cancelled the hearing. Order of Nov. 7, 2017 [#136]. Plaintiff provided the Court with a copy of an email showing Plaintiff had scheduled a one-way flight from Austin, Texas to Toronto, Canada on September 6, 2017. Travel Itinerary Notice [#139-1] Ex. 1 (Confirmation Email). Plaintiff did not provide the Court with any documentation showing she was participating in an out-of-country internship. *See id.*

Plaintiff then filed a motion titled "Unopposed Motion for Reconsideration to Appear Telephonically or Via Video Conference." *See* Mot. Recons. [#140]. After this motion was docketed, Defendant's counsel emailed Magistrate Judge Lane's chambers stating Plaintiff had not contacted Defendant's counsel before filing the motion for reconsideration. Order of Dec. 6, 2017 [#142] at 1. Copied on the email, Plaintiff responded, "I never stated in my motion that I contacted the defendant to discuss the agreement or opposition to the motion." *Id.* Magistrate Judge Lane denied Plaintiff's motion for reconsideration, finding Plaintiff failed to meaningfully confer with Defendant's counsel and misrepresented her motion for reconsideration as unopposed. *Id.* at 2.[2]

Magistrate Judge Lane subsequently determined a hearing on the pending motions was unnecessary and found TMIC's motion for summary judgment meritorious. R. & R. [#148] at 2. In particular, Magistrate Judge Lane concluded Plaintiff was unable to establish a *prima facie* case TMIC engaged in racial discrimination by failing to hire her. *Id.* at 7–10. Magistrate Judge Lane also concluded Plaintiff's retaliation claims fail because Plaintiff did not provide any evidence her termination was causally connected to any protected activity. *Id.* at 10–11. Furthermore, Magistrate

---

[2] Under Local Rule CV-7(i), "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made."

Judge Lane found that Plaintiff's common law negligent training claim was preempted by her TCHRA claim and that Plaintiff had agreed to dismiss her tortious interference claim. *Id.* at 12–13. In light of these conclusions, Magistrate Judge Lane recommended granting TMIC's motion for summary judgment and dismissing the remaining motions as moot.

## Analysis

Plaintiff objects to Magistrate Judge Lane's report and recommendation on both procedural and substantive grounds. The Court briefly rejects Plaintiff's procedural objections before conducting a *de novo* review of TMIC's motion for summary judgment and then reviewing Plaintiff's other requests for relief.

### I. Procedural Objections

Plaintiff asserts Magistrate Judge Lane procedurally erred in (1) concluding Plaintiff did not comply with his order to provide documentation of her out-of-country internship and (2) finding Plaintiff violated the Local Rules in failing to confer with Defendant. Obj. [#154] at 1–3.[3] However, review of the record in this case demonstrates Magistrate Judge Lane did not err in concluding Plaintiff failed to comply with his order and the Local Rules. First, Plaintiff failed to provide Magistrate Judge Lane with any documentation showing the nature, location, or duration of Plaintiff's internship. In response to Magistrate Judge Lane's order, Plaintiff only provided a copy of an email showing Plaintiff had booked a one-way flight from Austin, Texas to Toronto, Canada.

---

[3] Plaintiff also claims Magistrate Judge Lane procedurally erred in applying the incorrect standard in reviewing TMIC's motion for summary judgment. Objs. [#154] at 3–4. However, because reviewing whether Magistrate Judge Lane applied the correct standard requires the Court to review the evidence Magistrate Judge Lane relied on and his conclusions, the Court addresses this objection by conducting a *de novo* review of TMIC's motion for summary judgment below.

*See* Confirmation Email. Such a document was insufficient to prove Plaintiff was out of the country for an internship and unable to return to Austin, Texas for a hearing.

Second, Magistrate Judge Lane relied on Plaintiff's own statement in concluding Plaintiff did not comply with the Local Rules. Plaintiff represented to Magistrate Judge Lane's chambers she had not contacted TMIC's counsel to inquire whether TMIC opposed her motion to reconsideration. *See* Order of Dec. 6, 2017 [#142] at 1. Thus, Plaintiff violated Local Rule CV-7(I) by failing to confer with TMIC's counsel before filing her motion for reconsideration.

Moreover, even if Magistrate Judge Lane erred in concluding Plaintiff did not comply with his order or the Local Rules, any such error is non-prejudicial. At most, in light of his conclusions, Magistrate Judge Lane refused to hold a hearing on the pending motions. As "[t]he allowance of an oral hearing is within the sole discretion of the court," Magistrate Judge Lane validly exercised that discretion in declining to hold a hearing on the pending motions in this case. *See* Local Rule CV-7(h).

## II. TMIC's Motion for Summary Judgment

### A. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences

drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## A. Application

Plaintiff contends Magistrate Judge Lane (1) applied the incorrect standard in evaluating TMIC's motion for summary judgment; (2) incorrectly concluded Plaintiff was not a qualified applicant for the TMIC positions; (3) should not have considered Plaintiff's criminal history; (4) erroneously concluded Plaintiff failed to show causation for her retaliation claims; and (5) failed to address Plaintiff's claims for tortious inference and civil conspiracy against Ms. Kirkpatrick and Ms. Thibodaux as well as her claims for unjust enrichment against Mr. Johnson.

In light of these objections, the Court conducts a *de novo* review of TMIC's summary judgment motion by evaluating each of Plaintiff's claims. In particular, the Court examines whether a material fact issue precludes summary judgment on Plaintiff's claims for failure-to-hire, retaliation, tortious interference, unjust enrichment, and civil conspiracy. As Plaintiff "concedes she cannot bring an actionable tort of negligent hiring and tortious inference against TMIC," the Court does not evaluate Plaintiff's claims against TMIC for negligence or tortious interference and grants summary judgement for TMIC on these claims. *See* Objs. [#154] at 31.[4]

Because TCHRA was modeled after federal civil rights law and is intended to coordinate state law with federal law in employment discrimination cases, the Court analyzes Plaintiff's claims under Title VII and TCHRA together. *See Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 n.2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical."); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (noting "analogous federal statutes and the case interpreting them guide our reading of the TCHRA") (citation omitted).

---

[4] Alternatively, the Court finds Plaintiff's negligence and tortious inference claims against TMIC are preempted by Plaintiff claims under TCHRA. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 (Tex. 2010) (finding TCHRA preempts common law claims concerning the same conduct).

### 1. Failure to Hire

Title VII and TCHRA prohibit an employer from "fail[ing] or refus[ing] to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2012); TEX. LABOR CODE § 21.051. Where a plaintiff offers only circumstantial evidence of discrimination, the three-step *McDonnell Douglas* framework applies. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803–04 (1973). To survive summary judgment in an employment discrimination case, a plaintiff must first establish a prima facie case of discrimination. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If the plaintiff does so, the employer must produce a legitimate, non-discriminatory reason for the challenged employment decision. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362–63 (5th Cir. 2013) (citing *Manning*, 332 F.3d at 881). If the employer produces such an explanation, the plaintiff must then demonstrate the employer's reason is pretextual, by showing either that it is "unworthy of credence" or that it was inspired by a discriminatory motive. *Id.*

To establish a *prima facie* failure-to-hire case, Plaintiff must show (1) she is a member of a protected class; (2) she sought and was qualified for an open position; (3) she was rejected from the position; and (4) after such rejection, the position remained opened and the employer continued to seek applicants with Plaintiff's qualifications. *See McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015) (citing *Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 643 (5th Cir. 2014)); *Joshi v. Fla. State Univ.*, 646 F.2d 981, 986 (5th Cir. 1981).

Plaintiff cannot establish a *prima facie* failure-to-hire case because she cannot show she was qualified for a position at TMIC. First, TMIC offers evidence showing Plaintiff was repeatedly tardy

during her temporary assignment. Although Plaintiff admits she was expected to report to work at 8:00 a.m. and finish at 5:00 p.m., TMIC's badge reports show Plaintiff swiped into TMIC's building after 8:00 a.m. on at least thirteen of the twenty-eight days Plaintiff worked at TMIC. Mot. Summ. J. [#126-3] Ex. B (Badge Reports). TMIC also offers evidence confirming it requires all of its employees to be punctual. *See id.* [#126-6] Ex. E (Employee Handbook) at 27–28 ("Attendance and punctuality are important factors in [an employee's] ability to perform [her] job . . . .").

Plaintiff argues the Badge Reports are fraudulent and merely evidence of TMIC's pretextual reason for refusing to hire her. Objs. [#154] at 20–27. But Plaintiff provides no evidence the Badge Reports were altered or falsified. *See id.* Additionally, Plaintiff does not argue she was punctual while working at TMIC. *See id.* In fact, Plaintiff's record of tardiness in reporting for her temporary assignment is supported by Plaintiff's own complaint wherein she repeatedly provides excuses for her late arrivals. *See* Seventh Am. Compl. [#42] ¶¶ 11–14, 16, 18, 29, 30 (providing reasons for why Plaintiff was late to work including getting lost, construction on the road, and her boyfriend's malaise).

Second, Plaintiff cannot show she was qualified for the TMIC positions because she cannot show she would have passed TMIC's background check. TMIC provides evidence every candidate who receives a conditional offer of employment must complete a background check before a final offer is extended. Mot. Summ. J. [#126-7] Ex. F (Hiring Process Guidelines). TMIC further provides evidence Plaintiff has been convicted of theft, forgery, criminal mischief, burglary, unauthorized use or possession of a driver's license, and credit card abuse. Def.'s Mot. Sanctions [#99-4] Ex. D (Pl.'s Travis County Criminal Rs.). As a result, the Court finds Plaintiff was objectively unqualified for a position at TMIC. *See Johnson v. Maestri Murrell Prop. Mgmt.*, No. 3:09-0638, 2014 WL

3512859, at *3 (M.D. La. July 10, 2014) (citing *Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1108 (5th Cir. 1995) (finding defendant can prove that it would not have hired the individual using after-acquired evidence).

In arguing she was qualified, Plaintiff objects to TMIC's use of her criminal history. Plaintiff first argues TMIC's use of a background check is a facially neutral employment practice disparately impacting blacks. Objs. [#154] at 9–12. Plaintiff also argues evidence of Plaintiff's criminal convictions is prejudicial. Yet, Plaintiff cites no authority indicating an employer may not use a background check to screen candidates. Indeed, other courts have approved an employer's requirement that candidates pass a background check and found candidates unqualified where they failed to do so. *See Robair v. CHI St. Luke's Sugarland*, No. CV H-16-776, 2017 WL 2805190, at *11 (S.D. Tex. June 12, 2017), *report and recommendation adopted*, No. CV H-16-776, 2017 WL 2805000 (S.D. Tex. June 28, 2017), *appeal dismissed sub nom. Robair v. Chi St. Luke's Health Baylor Coll. of Med. Med. Ctr.*, No. 17-20422, 2017 WL 6759107 (5th Cir. Oct. 24, 2017); *Brown v. AT & T Servs. Inc.*, 236 F. Supp. 3d 1000, 1007 (S.D. Tex. 2017) (finding candidate's failure to complete a drug screen and background check was a legitimate, nondiscriminatory reason for recision of employment offer).

In sum, Plaintiff's failure-to-hire claims brought under Title VII and TCHRA fail because Plaintiff cannot show she was qualified for the TMIC positions. TMIC is therefore entitled to summary judgment on Plaintiff's failure-to-hire claims.

**2. Retaliation**

To establish a prima facie case for retaliation under Title VII and TCHRA, a plaintiff must demonstrate (1) she engaged in protected activity; (2) an adverse employment action occurred; and

(3) a causal link exists between the protected activity and the adverse employment action. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014). If the plaintiff establishes her *prima facie* case, the *McDonnell Douglas* burden-shifting framework applies. *Id.*

Plaintiff fails to establish a *prima facie* case for retaliation. Assuming Plaintiff engaged in a protected activity and the termination of Plaintiff's temporary position with TMIC was an adverse employment action, the Court finds Plaintiff does not provide evidence her termination was causally connected to her protected activity.

Plaintiff alleges she engaged in protected activity by complaining to Mr. Coates she was being discriminated against in TMIC's interview process and by filing a complaint with the Equal Employment and Fair Housing Office. Seventh Am. Compl. [#42] at 25–28. Thus, to establish causation for a *prima facie* claim of retaliation, Plaintiff must show her complaints were the but-for cause of her termination. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). This requires proof the unlawful retaliation would not have occurred absent the protected activity. *See id.*

But Plaintiff fails to provide any evidence showing her termination was causally connected to her complaints. The evidence in the record shows TMIC filled the policy support clerk position with Mr. Johnson. Resp. Mot. Summ. J. [#129] ¶ 7. When Mr. Johnson started working on August 8th, TMIC ended Plaintiff's temporary position. Kirpatrick Decl. ¶¶ 7–8. And only after Mr. Johnson began working at TMIC did Plaintiff notify TMIC staff of her complaints. *See* Resp. Mot. Summ. J. [#129] ¶¶ 50–51, 55.

Additionally, Plaintiff does not provide evidence Mr. Coates played any role in her termination or Mr. Coates communicated Plaintiff's complaint to Ms. Kirpatrick or another decision maker before the decision to end Plaintiff's temporary employment was made. By contrast, Ms.

Kirpatrick testified under oath she had no knowledge of Plaintiff's discrimination complaints. Reply Mot. Summ. J. [#137-3] Ex. C (Kirpatrick Dep.) at 42:13–16. At most, Plaintiff only offers a conclusory allegation Ms. Thibodaux conspired with Ms. Kirpatrick and Mr. Coates to get rid of her without any supporting evidence. Resp. Mot. Summ. J. [#129] ¶ 12. Such conclusory allegations are not sufficient to defeat a motion for summary judgment. See Turner, 476 F.3d at 343.

Moreover, Plaintiff asserts she told Ms. Thibodaux she filed a complaint with the Equal Employment and Fair Housing Office after Ms. Kirpatrick had already informed Evins that Plaintiff's temporary assignment was over. Ms. Kirpatrick confirmed Plaintiff's termination via email at 3:44 p.m. while Plaintiff alleges she told Ms. Thibodaux of her complaint after 4:24 p.m., following reentry into the building after the phone call with the Equal Employment and Fair Housing Office. Kirpatrick Decl. ¶¶ 7–8; Seventh Am. Compl. [#42]; Resp. Mot. Summ. J. [#129] ¶ 14. The timing of the events indicates Ms. Kirpatrick ended Plaintiff's assignment before she had any knowledge of Plaintiff's complaints. See Kirpatrick Decl. ¶¶ 7–8.

Because Plaintiff cannot establish her alleged protected activity caused her termination, the Court finds Plaintiff's federal and state claims for retaliation fail as a matter of law.

### 3. Tortious Inference, Civil Conspiracy, and Unjust Enrichment

Plaintiff claims her tortious inference and civil conspiracy claims against Ms. Kirpatrick and Ms. Thibodaux as well as her unjust enrichment claim against Mr. Johnson survive and Magistrate Judge Lane erred in failing to address these claims in his Report and Recommendation. However, the Court previously dismissed Plaintiff's claims against the individual defendants for failure to state a claim. Order of Oct. 4, 2017 [#116]. Therefore, Plaintiff's tortious inference, civil conspiracy, and unjust enrichment claims against individual defendants are no longer live.

C.  **Plaintiff's Other Requests for Relief**

As part of her objections to Magistrate Judge Lane's Report and Recommendation, Plaintiff argues she should have been granted leave to amend her seventh amended complaint and the Court should allow additional discovery as authorized by Federal Rule of Civil Procedure 56(d)[5] before reviewing TMIC's motion for summary judgment. To the extent these objections constitute requests for relief, the Court rejects both requests.

This Court liberally granted Plaintiff leave to amend her by allowing Plaintiff to repeatedly amended her complaint until Plaintiff filed her seventh amended complaint,. However, the Court denied Plaintiff leave to file an eighth amended complaint because the Court found Plaintiff merely sought leave to file an eighth amended complaint to eliminate her federal claims and circumvent this Court's jurisdiction. Order of June 12, 2017 [#69]. Presently, Plaintiff offers no reason why she seeks to amend her complaint except to correct unspecified "defects in her complaint." Objs. [#154] at 32. Furthermore, Plaintiff fails to identify how the outcome of this case would be different if Plaintiff were allowed to further amend her complaint. Thus, to the extent Plaintiff requests last-minute leave to amend her complaint, the Court denies such request.

The Court also denies Plaintiff's request the Court grant additional discovery and defer considering TMIC's motion for summary judgment. Plaintiff relies on vague assertions TMIC withheld "its HR policy on retaliation and discrimination and why Mr. Johnson is no longer an employee at TMIC." See Objs. [#154] at 32–33. To merit additional discovery under Rule 56(d), a party must "set forth a plausible basis for believing that specified facts, susceptible of collection

---

[5] Plaintiff cites Federal Rule of Civil Procedure Rule 56(f), but the Court assumes Plaintiff is relying a prior version of the Federal Rules of Civil Procedure as the relief Plaintiff requests is now authorized under Rule 56(d).

within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted). Plaintiff does not meet this burden. She identifies no specific facts that probably exist and would influence the outcome of the instant summary judgment motion. *See* Objs. [#154] at 32–33. She also fails to indicate how any additional discovery could be conducted within a reasonable time frame. *See id.* The Court therefore declines to delay ruling on TMIC's motion for summary judgment to allow additional discovery.

## Conclusion

Having found no error in Magistrate Judge Lane's findings and conclusions, the Court overrules and denies Plaintiff's objections and accepts Magistrate Judge Lane's Report and Recommendation. The Court therefore grants TMIC's motion for summary judgment and dismisses all other pending motions as moot.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge and Motion for Continuance [#154] are OVERRULED and DENIED;

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Mark Lane [#148] is ACCEPTED;

IT IS FURTHER ORDERED that Defendant Texas Mutual Insurance Company's Motion for Summary Judgment [#126] is GRANTED; and

IT IS FINALLY ORDERED that Defendants' Motion for Sanctions [#99], Plaintiff's Motion to Withdraw Lawsuit Voluntarily [#117], Plaintiff's Motion to Supplement [#119],

Plaintiff's Motion to Continue with Lawsuit [#122], Plaintiff's Motion to Strike [#139], and

Plaintiff's Opposed Motion for Sanctions [#147] are DISMISSED as moot.

SIGNED this the 26th day of March 2018.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE